UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE LEE DAUGHERTY,

        Plaintiff,

vs.

Case No. 08-CV-11287
HON. GEORGE CARAM STEEH

ROSEVILLE POLICE OFFICER
MATTHEW BRIAN DICKEY, and
THE CITY OF ROSEVILLE,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (# 28)

Plaintiff Leslie Daugherty moves for reconsideration of that part of this court's August 31, 2009 Order granting summary judgment in favor of defendant City of Roseville on Daugherty's claim of 42 U.S.C. § 1983 municipal liability for defendant Officer Matthew Dickey's alleged arrest of Daugherty without probable cause, application of excessive force using a taser, and criminal prosecution of Daugherty without probable cause. Daugherty argues the court erred by concluding that the record does not support a finding that Roseville failed to follow-up on her citizen's complaint after she was acquitted on March 6, 2008, and by finding it is undisputed that Roseville Officers continued in their attempts to contact Daugherty after her acquittal, but to no avail. Daugherty directs the court's attention to Roseville Police Department Citizen Complaint # 07-13, submitted by Daugherty on July 3, 2007, and signed off by a Sergeant Urbanik as unable to contact Daugherty as of July 26, 2007.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).

The court erred in misinterpreting at oral argument that Sergeant Urbanek had repeatedly attempted to phone Daugherty after her acquittal on March 8, 2008, instead of four times in July 2007.  Correction of that error, however, does not warrant a different disposition of Daugherty's motion with respect to defendant Roseville.  As indicated by the court in the August 31, 2009 Order, Daugherty's acquittal on March 8, 2008 established only that the evidence presented at her criminal trial did not prove to a jury beyond a reasonable doubt that Daugherty had resisted arrest in violation of M.C.L. § 750.81d(1).  Daugherty moved from Roseville approximately seven months before her acquittal.  As Daugherty points out, her July 3, 2007 citizen's complaint was closed in August 2007 after Sergeant Urbanek's repeated attempts to contact her by phone failed.  Under these circumstances, reasonable jurors could not disagree that Roseville's failure to unilaterally reopen Daugherty's citizen complaint after her March 8, 2008 acquittal, seven months after the complaint had been closed due to an inability to contact Daugherty, did not constitute a municipal policy of inaction reflecting some degree of fault on the part of the City of Roseville for Officer Dickey's alleged constitutional violations.  <u>Garretson v. City of Madison Hgts</u>, 407 F.3d 789, 796 (6th Cir. 2005).  Even after correcting the factual error, "Daugherty's argument that Roseville condoned Officer Dickey's alleged constitutional

violations is not reasonably supported on this record."  August 31, 2009 Order, at 16.

Daugherty has failed to demonstrate a palpable error warranting a different disposition of the court's August 31, 2009 Order.  Accordingly,

Plaintiff Daugherty's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated:  September 14, 2009

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk